Kelt v. Campbell, et al. 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-248-CV

     PATRICIA KELT, ET AL.,
                                                                                              Appellants
     v.

     GENIE CAMPBELL, ET AL.,
                                                                                              Appellees
 

From the 13th District Court
Navarro County, Texas
Trial Court # 92-00-01781-CV
                                                                                                    

O P I N I O N
                                                                                                    

      Patricia Kelt and Scotte Bell appeal the entry of a summary judgment. Genie Campbell,
Jerald Kelt, and Julia Burton filed a wrongful-death suit against Patricia Kelt, alleging that she shot
and killed her husband and their father, Julius Julian Kelt, Jr. Patricia Kelt then filed Julius Kelt's
will for probate. The will named Patricia Kelt and her son, Scotte Bell, as beneficiaries. Bell
filed a counterclaim asserting his right as a contingent beneficiary to receive Patricia Kelt's portion
of the estate in the event that she was not entitled to take under the will. The wrongful-death and
estate matters were consolidated in the district court, and trial was set for August 26, 1991. The
parties appeared on that day and announced that the case had been settled.
      David Martin, the appellants' attorney, dictated the terms of the settlement into the record and
indicated that he would be responsible for preparing the written settlement agreement and that
Frank Murchison, the appellees' attorney, would be responsible for preparing any other documents
necessary to transfer title. The court, however, did not render judgment at the hearing. On
November 15, the court heard the appellees' motion to enforce the settlement agreement. After
Patricia Kelt withdrew her consent to an agreed judgment, the appellees filed a suit on the
agreement, alleging that the oral agreement "settled and disposed of all issues in litigation between
the parties." The appellees then filed a motion for summary judgment, asserting that the
summary-judgment evidence established that no material fact issue existed as to the agreement or
its enforcement. The summary-judgment evidence included certified copies of the statements of
fact from the August 26 and November 11 hearings; Murchison's affidavit; and copies of a number
of unexecuted documents prepared to memorialize the settlement agreement, to probate Kelt's will,
and to effect the transfer of title to property owned by Patricia Kelt and devised to her by Kelt's
will. The court rendered summary judgment in favor of the appellees and severed the wrongful-death and estate claims from the suit on the agreement.
      In point one the appellants contend that the court erred in granting the appellees' motion for
summary judgment. In their response to the motion for summary judgment, the appellants raised
a number of objections to the summary-judgment evidence on the grounds that it contained hearsay
and conclusions. However, no order sustaining their objections appears in the record. Such an
order must be reduced to writing, signed, and entered of record.


 Because the record does not
reflect that the court ruled on the objections to the summary-judgment evidence, the appellate court
cannot determine whether the trial court considered the objected-to evidence in granting the
summary judgment.



      The appellants also argued that genuine issues of material fact precluded the granting of
summary judgment and that the appellees failed to establish that an enforceable contract existed. 
According to the appellants, a document entitled "Additional Terms to Agreement for Settlement"
conclusively showed that the agreement dictated into the record on August 26 did not comprise
a complete contract because there were other material terms left to be agreed upon. The summary-judgment record indicates, however, that this document was merely a proposed modification of
the settlement agreement offered by the appellees in response to Patricia Kelt's reluctance to
execute the documents necessary to satisfy the agreement. The settlement agreement did not leave
any essential term open for future negotiations.


 The appellants have not raised the statute of
frauds as a defense to enforcement of the contract, and the summary-judgment record indicates that
the terms were expressed with sufficient certainty so that there was no reasonable doubt as to what
property the parties intended to convey or what the court was being called upon to enforce.


 The
parties further clarified the terms of their agreement relating to the scope of an easement, the
payment of taxes, the assumption of a note, and the possession of personalty on the real property. 
As a result, the court was not required to supply any essential terms of the contract entered by the
parties at the August 26 hearing.



      Even if the oral agreement were definite enough to constitute a contract, the appellants
argued, Patricia Kelt did not have the authority to convey the estate property. According to the
appellants, the fact that she had not yet been appointed executor of the estate, as contemplated by
the parties to the agreement, made the terms of the agreement impossible for her to perform. At
the August 26 hearing, however, Martin stated in open court that what the parties "contemplate
now is that she will be appointed as executrix, with letters issued," but that the will could also be
filed as a muniment of title. The statement of facts from the hearing clearly reflects the parties'
intent—the Kelt children agreed not to contest the probate of the will in exchange for Patricia
Kelt's promise to transfer title of certain property received under the will to the Kelt children.
      Finally, the appellants argued that the statement of facts from the August 26 hearing
conclusively showed the intent of the parties that the written documents would constitute the
agreement. "It is not enough that one party thinks that he has made a contract; he must show that
the intentions of the parties to make a contract have been expressed in a manner that the court is
capable of understanding."


 At the beginning of the hearing, Martin announced to the court that
the suit "has been settled on these terms," which he then dictated into the record. After dictating
a number of specific settlement terms involving the probate of Kelt's will and the transfer of
property, Martin asked Patricia Kelt if he missed anything. She responded, "Only that the Corpus
Christi home is under lease presently and that they will have to negotiate with the real estate
people." Martin indicated that the appellees would receive the Corpus Christi property subject
to any outstanding lease agreements. After clarifying some of the details of the terms dictated by
Martin, Murchison stated, "And then other than that, the parties just need to execute any
documents necessary. . . . to effectuate the settlement." Martin responded only that the Kelt
children would be responsible for the cost of preparing any documentation necessary to transfer
the title of property conveyed to them. Martin stated on the record, "That is, as I dictated, Your
Honor, the agreement of the defendants." Martin then asked Patricia Kelt if the agreement, as he
dictated it, was "an outline of [her] agreement to settle the case." She answered, "Yes." 
Likewise, when asked if it was his "agreement," Scotte Bell said, "Yes." Murchison also
responded, "And that's our agreement on behalf of the plaintiffs, Your Honor." Murchison
indicated that he would start working on the deeds and that he hoped Martin would get the
agreement typed up by that Friday. Martin agreed to submit the appropriate documents, and the
court concluded the hearing.
      The determination of whether there was a meeting of the minds must be based on objective
standards of what the parties said and did rather than on their alleged subjective states of mind.


 
The statement of facts from the August 26 hearing clearly shows the intention of the parties to
make a contract. Furthermore, no essential terms were left for later agreement. Therefore, it is
the duty of the court to determine, as a matter of law, if the agreement constituted a valid
contract.


 Because the summary-judgment record fails to raise a fact issue on intent, we hold that
the court correctly concluded that the contemplated formal writing was nothing more than a
"convenient memorial" of the settlement agreement and that the oral agreement was a valid and
enforceable contract.



      The appellants also complain of the award of attorneys' fees for appeal. However, issues not
expressly presented to the trial court by written answer or other response shall not be considered
on appeal as grounds for reversal of a summary judgment.


 Although affidavits are proper
summary-judgment evidence when referred to or incorporated in the response to a motion for
summary judgment, Martin's affidavit, which controverted the amount of trial attorneys' fees, was
not referred to in the appellants' response.


 It was merely attached to their response, which did
not raise the issue of attorneys fees or make any reference to Martin's affidavit. Furthermore, the
court did not award attorneys' fees for trial, and Martin's affidavit did not controvert the amount
of appellate attorneys' fees suggested in Murchison's affidavit as reasonable. Because the
summary-judgment proof establishes as a matter of law that there is no genuine issue of fact as to
one or more of the essential elements of the appellees' cause of action, we overrule point of error
one.



      In point two, the appellants contend that the court erred in entering the judgment entered
because it is indefinite, ambiguous, uncertain, conditional, incapable of enforcement by execution,
and contains void orders. Specifically, they complain that, because the judgment orders the will
to be "probated by Pat Kelt," the court has ordered her to perform a judicial function that she
cannot perform. We disagree with the appellants' reading of the judgment. The definition of the
term "probate" includes "the proof of the will by the executor."


 This is precisely what Patricia
Kelt agreed to do. The appellants further argue that her ability to satisfy the judgment is
improperly conditioned upon the occurrence of a future event—the probate of Kelt's will. We
hold that the judgment is sufficiently definite and certain to define and protect the rights of the
parties.


 Because the appellees agreed to dismiss the probate contest, the only act left to be
performed was the ministerial act of probating the will. A judgment that settles all the legal issues
and rights of the parties is final even though further proceedings may be necessary in its execution
or some incidental or dependent matter may still remain to be settled.


 Accordingly, we overrule
point of error two.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 24, 1993
Do not publish